No. 2354
Second Circuit

HART v. HEWITT

(November 10, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Petitory and Possessory Actions—Par. 41.**
Where a suit for slander of title was converted into a petitory action by answer

asserting title in defendant, damages could not be recovered.

Appeal from the Second Judicial District Court of Louisiana, Parish of Bienville. Hon. John S. Richardson, Judge.

Action by Ed. Hart against James Hewitt.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed in part and reversed in part.

J. Rush Wimberly, of Arcadia, attorney for plaintiff, appellee.

W. U. Richardson, of Arcadia, attorney for defendant, appellant.

## SYLLABUS

REYNOLDS, J.  Plaintiff, Ed. Hart, alleging that he was the record owner and in actual physical possession of the SE¼ of the SE¼ of Section 1, Township 18 North, Range 7 West, in Bienville parish, Louisiana, and that defendant, James Hewitt, had slandered his title thereto by causing to be recorded on the conveyance records of said parish an act of sale purporting to sell and convey said land to him, sued the defendant to have the record of the sale cancelled and for $150.00 damages.

Defendant, in answer, denied title to the land in plaintiff and asserted title thereto in himself and prayed that plaintiff's demand be rejected and he be decreed the owner thereof.

On these issues the case was tried and judgment was rendered in favor of the plaintiff, Ed. Hart, and against the defendant, James Hewitt, ordering cancellation of the record of the sale of the land to defendant and awarding plaintiff damages in the sum of $150.00.

From this judgment defendant, James Hewitt, appealed.  Subsequently to the proceedings in the District Court the plaintiff, Ed. Hart died, and by proper proceedings in this court his widow and heirs were made plaintiffs herein in his stead.

## OPINION

In this court the defendant, James Hewitt, does not question the correctness of that part of the judgment appealed from as orders cancellation of the record of the sale to him of the land in controversy but only complains of the award of damages to plaintiff.

Plaintiff did not allege that defendant was in bad faith in obtaining or putting on record the act of sale in question and as bad faith is not alleged nor proved, good faith will be presumed.

The action having been converted from one of slander of title into a petitory one by defendant's answer and the relative merits of the titles of both plaintiff and defendant to the land having been put at issue and adjudicated, damages should not have been allowed.

This question was definitely decided by the Supreme Court in the case of Smith vs. Albritton, 153 La. 507, 96 South. 49, where it held that—

"in such cases (actions for slander of title) when the defendant, by his answer, has converted the suit into a petitory action" damages will not be allowed.

It is, therefore ordered, adjudged and decreed that the judgment appealed from be reversed insofar as it awards plaintiff, Ed. Hart, judgment against defendant, James Hewitt, for damages in the sum of one hundred and fifty dollars and also insofar as it decrees that defendant, James Hewitt, shall pay all costs of the suit, and that it be affirmed in all other respects.

It is further ordered, adjudged and decreed that defendant, James Hewitt, pay all costs of suit incurred in the District Court, and that plaintiffs pay the costs of this appeal.